IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| YONNATAN JOSE RIVAS MILLAN,<br><br>   *Petitioner*,<br><br>v.<br><br>RANDY TATE, WARDEN, MONTGOMERY PROCESSING CENTER; BRET BRADFORD, FIELD OFFICE DIRECTOR, HOUSTON FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, ACTING DIRECTOR, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY OF HOMELAND SECURITY; TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL, IN THEIR OFFICIAL CAPACITIES,<br><br>   *Respondents*. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00357<br>JUDGE MICHAEL J. TRUNCALE |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is Petitioner Yonnatan Jose Rivas Millan ("Rivas Millan")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Yonnatan Jose Rivas Millan is a Venezuelan national. [Dkt. 1 at ¶ 13]. On March 18, 2026, United States Immigration and Customs Enforcement ("ICE") detained Rivas Millan. *Id.* at ¶ 16.

On April 16, 2026, Rivas Millan brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution, the Administrative

1

Procedure Act ("APA"), and the Fourth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A.  Unlawful Detention

Rivas Millan challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 1]. His challenge is misplaced for a few reasons. At least two sections of the INA— section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Rivas Millan is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations'

policy approaches were different; the statute's text controls. *See id.* While Rivas Millan contests his detention, the cases he cites do not consider prolonged detention in the 1225(b)(2) context—which, as previously mentioned, provides for *mandatory* detention. [*See* Dkt. 1 at ¶ 33].

## B. APA

Rivas Millan argues that the Government violated the APA by failing to consider mitigating factors. [Dkt. 1]. The Court lacks jurisdiction to decide the merits of Rivas Millan's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Rivas Millan's lack of serious criminal history and potential eligibility for asylum or other special statuses do not retroactively make his illegal entry lawful. Because Rivas Millan is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Rivas Millan must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

## C. Unlawful Arrest

Rivas Millan also argues that his arrest violated federal regulations. [Dkt. 1 at ¶ 41]. However, an unlawful arrest, without more, does not entitle the arrestee to habeas relief. *See Howard v. Allgood*, 272 F. Supp. 381, 384 (E.D. La. 1967) ("[A]n unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction"); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1910) ("[I]f sufficient ground for [the petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest . . . "). Because Rivas Millan illegally entered the United States and remains present in the United States without legal status, he is deportable. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Rivas Millan's ongoing confinement during deportation proceedings is lawful regardless of whether he was lawfully arrested. *See id*. § 1226(a); *Howard*, 272 F. Supp. at 384; *Bilokumsky*, 263 U.S. at 158.

Rivas Millan is therefore *not entitled* to habeas relief. *See Pierre*, 525 F.2d at 935 (emphasis added); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.).

### IV. CONCLUSION

It is therefore **ORDERED** that Rivas Millan's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of June, 2026.**

_____
Michael J. Truncale
United States District Judge

4